IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3181-FL

| | |
|---|---|
| CONSTANTINE KOSTAS SARAIDARIS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ORDER ) ) |
| KENNETH SEALY; DR. JOSEPH LIGHTSEY;[1] ANNE V. CHRISTOPHER, P.A.;[2] AND ROBESON COUNTY MUNICIPALITY, | ) ) ) ) ) ) |
| Defendants. | ) ) |

This matter comes before the court on the motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6) of defendant Anne V. Christopher, P.A. ("Christopher"), filed July 13, 2011 (DE # 15). Also before the court is the motion to dismiss pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of defendant Dr. Joseph M. Lightsey ("Lightsey"), filed July 13, 2011 (DE # 19). Finally, before the court is the motion to dismiss pursuant to Rule 12(b)(6) of defendants Sheriff Kenneth Sealy ("Sealey") and Robeson County Municipality (DE # 25).

---

[1] Although plaintiff named "Dr. Joseph Lyson" in complaint, Dr. Joseph M. Lightsey filed motion to dismiss on July 13, 2011, and informed that he received a copy of the summons and complaint addressed to Dr. Joseph Lyson. It appears that plaintiff misnamed the intended defendant, and the court therefore substitutes Dr. Joseph Lightsey for Dr. Joseph Lyson. As discussed below, the action against the named defendant, Dr. Joseph Lyson, is dismissed.

[2] Plaintiff named "Annie Christopher" as a defendant in this action. On July 13, 2011, Anne V. Christopher, P.A. filed motion to dismiss and informed that she had been incorrectly named in the complaint. The court therefore substitutes Anne V. Christopher, P.A. for Annie Christopher.

Plaintiff submitted a letter, docketed on August 1, 2011, in which he provided an update to the court but did not specifically address the motions to dismiss. The time for responding to said motions has expired, and the issues raised are ripe for adjudication. For the following reasons, the court grants each defendant's motion to dismiss.

## STATEMENT OF THE CASE

On October 8, 2010, plaintiff filed this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants acted with deliberate indifference to his medical care in violation of the Fourteenth Amendment to the United States Constitution.

On July 13, 2011, defendant Christopher filed a motion to dismiss, arguing, *inter alia*, that plaintiff's claim should be dismissed because he failed to exhaust his administrative remedies before filing this action. Defendant Lightsey next filed a motion to dismiss, arguing, *inter alia*, that plaintiff failed to effectuate proper service of process. Finally, defendants Sealey and Robeson County filed a motion to dismiss, also arguing that plaintiff failed to state a claim upon which relief may be granted.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

2

In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

B.  Analysis

   1.  Defendant Christopher

Defendant Christopher raises the affirmative defense that plaintiff failed to exhaust administrative remedies before filing this action. See Jones v. Bock, 549 U.S. 199, 216 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The Prisoner Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion is mandatory. Woodford, 548 U.S. at 84; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S.

3

731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

Plaintiff does not dispute the fact that he failed to exhaust his administrative remedies through the Robeson County Jail or North Carolina Department of Correction ("DOC") Administrative Remedy Procedures. See Compl. 1-2. Rather, plaintiff states in his complaint that he was transferred from Robeson County Jail to Craven Correctional Institution and does not believe that the DOC's administrative remedy procedures were available at the time he filed his complaint. Id. But a plaintiff's failure to exhaust administrative remedies is not excused by his transfer to a different facility. See, e.g., Jackson v. Studel, No. 3:10CV177-MU-02, 2010 WL 1689095 *2 (W.D.N.C. Apr. 26, 2010). And plaintiff does not provide any factual support to explain how his transfer interfered with his ability to exhaust his administrative remedies.

Based upon the foregoing, the court finds that plaintiff failed to exhaust his administrative remedies before filing this action. Accordingly, plaintiff's action against defendant Christopher is DISMISSED without prejudice to allow him the opportunity to properly exhaust his administrative remedies.

2. Defendants Sealey and Robeson County

Defendant Sealey, the Sheriff of defendant Robeson County, is a supervisory government official. A supervisory official may not be held liable based upon a theory of respondeat superior, because respondeat superior generally is inapplicable in § 1983 suits. Iqbal, 129 S.Ct. at 1948; Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978). To the extent plaintiff alleges a claim pursuant to supervisor liability, the United States Supreme Court recently addressed the theory of supervisor liability in the context of a § 1983 action. Iqbal, 129 S.Ct. at 1949. In Iqbal, the Court held: "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each

4

Government-official defendant, through the official's own individual actions, has violated the constitution." Id. at 1948. Mere knowledge is not sufficient to establish personal participation. Id.

Plaintiff makes no particular allegation against Sealey in his complaint. Rather, plaintiff appears to allege that Sealey is indirectly responsible for the alleged deliberate indifference to plaintiff's medical care. Because plaintiff's allegations ascribe no role for Sealey in the alleged injury, his claim against Sealey is based upon a theory of vicarious liability. A plaintiff may not proceed on a theory of vicarious liability in a § 1983 action. See Iqbal, 129 S.Ct. at 1949. Thus, Sealey's motion to dismiss is GRANTED.

Local governments such as Robeson County likewise cannot be liable under 42 U.S.C. § 1983 based upon a theory of respondeat superior for an injury inflicted by its employees or agents. Monell, 436 U.S. at 694; Walker v. Prince George's County, Md, 575 F.3d 426, 431 (4th Cir. 2009). Rather, liability attaches only if conduct directly causing the alleged deprivation is undertaken to effectuate official policy or custom. Id. Here, the complaint does not allege that the constitutional violation arose out of Robeson County's action, inaction, or official policy or custom. Nor does plaintiff make any allegations against Robeson County directly. Based upon the foregoing, Robeson County's motion to dismiss for failure to state a claim upon which relief may be granted is GRANTED.

3.  Defendant Lightsey

Defendant Lightsey asserts that he should be dismissed from this action pursuant to Federal Rule of Civil Procedure 12(b)(5) because plaintiff failed to effectuate proper service of process in accordance with Federal Rule of Civil Procedure 4. Specifically, Lightsey argues that D.L. Jenkins ("Jenkins") improperly acted as his agent when he accepted service of the summons and complaint

addressed to "Dr. Joseph Lyson." When a defendant seeks dismissal under Rule 12(b)(5), plaintiff bears the burden of establishing that process complies with Federal Rule of Civil Procedure 4. See e.g., Tate v. Mail Contractors of Am., Inc., No. 3:10-CV-528, 2011 WL 1380016, *2 (W.D.N.C. Apr. 12, 2011); Harty v. Commercial Net Lease LP Ltd., No. 5:09-CV-495-D, 2011 WL 807522, *2 (E.D.N.C. Mar. 1, 2011).

Proper service of process (or waiver of service under Fed. R. Civ. P. 4(d)) is necessary for the court to exercise personal jurisdiction over a defendant. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). Process consists of a summons and a copy of the complaint. Fed.R.Civ. P. 4(c). Rule 4(a) requires that "[a] summons must name the court and the parties [and] . . . be directed to the defendant. . . ." Id. 4(a)(1)(A) &(B). Under Rule 4(m), if service of the summons and complaint is not made upon a defendant within one hundred twenty (120) days after the filing of the complaint, the court must dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time, unless the plaintiff can show good cause. Id. 4(m).

Rule 4(e)(1) permits a plaintiff to serve individual defendants pursuant to the law of "the state in which the district court is located." Id. 4(e)(1). The North Carolina Rules of Civil Procedure permit service "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c). A plaintiff may deliver the documents to defendant's agent. See id. 4(j)(1)(b); Moore v. Cox, 341 F. Supp. 2d 570, 573 (M.D.N.C. 2004). When a defendant challenges service by certified mail, a plaintiff must submit an affidavit stating that a copy of the summons and complaint was mailed and attach the return receipt indicating that service was

6

received in accordance with N.C. Gen. Stat. § 1-75.10(4). See Moore, 341 F. Supp. 2d. at 573. If the attached return receipt was signed by a person other than the addressee, North Carolina presumes "that the person who received the mail . . . and signed the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of process." N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2); see Moore, 341 F. Supp. 2d. at 573; Fender v. Deaton, 130 N.C. App. 657, 662, 503 S.E.2d 707, 710 (1998). A party may rebut this presumption of valid service with "affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant." Grimsley v. Nelson, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996); see Moore, 341 F. Supp. 2d at 573.

The United States Marshal filed a return of service indicating service on Dr. Joseph Lyson at Central Prison via certified mail, return receipt requested. Although the attached return receipt shows that the delivery was accepted by Jenkins, Jenkins submitted an affidavit stating that he signed the certified mail green card without consulting the addressee. Jenkins Aff. ¶ 5. Christopher additionally submitted an affidavit stating that there is no individual by the name of Joseph Lyson employed by Central Prison. Christopher Aff. ¶ 2. Based upon the foregoing, it appears that defendant has failed to effectuate proper service of process on Lyson or Lightsey. Plaintiff has not met his burden of proof, nor has he presented any evidence to the contrary. Finally, plaintiff has not shown good cause for his failure to obtain service pursuant to Rule 4(m) on Lightsey or Lyson. Thus, plaintiff failed to obtain proper service on Lyson or Lightsey in accordance with Rule 4, and Lightsey's motion to dismiss for failure to obtain proper service pursuant to Rule 12(b)(5) is GRANTED. Additionally, the court dismisses plaintiff's claim against Lyson without prejudice for failure to obtain service in accordance with Rule 4(m).

7

## CONCLUSION

For the foregoing reasons, Christopher's motion to dismiss (DE # 15) is GRANTED, and the action against Christopher is DISMISSED without prejudice to allow plaintiff the opportunity to exhaust his administrative remedies. Lightsey's motion to dismiss (DE # 19) also is GRANTED, and plaintiff's claim against Lightsey is DISMISSED without prejudice. Additionally, plaintiff's claim against the defendant identified as Lyson is DISMISSED without prejudice for failure to comply with Rule 4(m). Finally, the motion to dismiss filed by Sealey and Robeson County (DE # 25) is GRANTED.

SO ORDERED, this the 8th day of February, 2012.

*(signature)*

LOUISE W. FLANAGAN
United States District Judge

8

Case 5:10-ct-03181-FL   Document 28   Filed 02/08/12   Page 8 of 8